UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ET AL, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-02-4329 |
| | § | |
| LITHIUM POWER TECHNOLOGIES, INC., ET AL, | § | |
| | § | |
| *Defendants.* | § | |

**Order**

Pending before the court are Lithium Power Technologies, Inc.'s (LPT) motion to compel (Dkt. 53) and the United States' (US) motion for protective order (Dkt 57). After considering the parties' arguments, the evidence, and the applicable law, the court concludes that LPT's motion to compel is DENIED in part, and GRANTED in part. Additionally, the court finds that the US's motion for protective order should be GRANTED insofar as it relates to the depositions of any agents involved in the investigation of LPT.

Accordingly, the court ORDERS the following:

1. If LPT desires a copy of the sealed affidavit(s) in support of the search warrant executed on LPT in December 2002, then LPT shall file a motion with Judge Stacy requesting that they or it be unsealed.

2. Mr. Longhi shall answer interrogatories regarding his communications with the US before the execution of the release accompanying the stock sale in a broad, general manner. Also, Mr. Longhi shall answer questions in his deposition regarding the facts, contentions, and allegations that he communicated to the US before the execution of the release.

      3.      After the parties execute an appropriate confidentiality agreement, Mr. Longhi shall produce his financial records for his liquid assets during November and December of 2002, and his 2002 Income Tax return. Additionally, in his deposition, Mr. Longhi will answer questions regarding his 2003 finances.

      4.      LPT shall redraw its 30(b)(6) deposition notice to the US to include only Topics 3 through 7 noticed in its current 30(b)(6) motion.

It is so ORDERED.

Signed at Houston, Texas on September 7, 2006.

_____
Gray H. Miller
United States District Judge